SCOTT R. COMMERSON (State Bar No. 227460)
scottcommerson@dwt.com
L. DANIELLE TOALTOAN (*pro hac vice*)
danielletoaltoan@dwt.com
ADRIAN F. VALLENS (State Bar No. 332013)
adrianvallens@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071-3487
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Plaintiffs
AMAZON TECHNOLOGIES, INC. and
AMAZON CONTENT SERVICES, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| AMAZON TECHNOLOGIES, INC., a Nevada corporation; and AMAZON CONTENT SERVICES, LLC, a Delaware limited liability company,<br><br>    Plaintiffs,<br><br>    vs.<br><br>DVD TRADE INT. LTD, an unknown business entity d/b/a DVDSHELF; MEDIA WHOLESALE UK, an unknown business entity d/b/a DVDSHELF; YANGCHUN ZHANG, an individual d/b/a DVDSHELF; and Does 1-10 d/b/a dvd-wholesale.com, bilidvd.com, dvdshelf.com.au, ddddd.com.au, buydvds.com.au, dvds.trade, and dvdwholesale.co.uk,<br><br>    Defendants. | Case No. 2:23−cv−06886 FLA-JC<br><br>MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION<br><br>Judge: Hon. Fernando Aenlle-Rocha<br>Date: April 18, 2025<br>Time: 1:30 p.m.<br>Courtroom: 6B<br><br>Filed concurrently herewith:<br><br>(1) Notice of Motion and Motion for Default Judgment;<br>(2) Declaration of Scott R. Commerson;<br>(3) Declaration of Michael Kelly<br>(4) Declaration of Michael B. Moore<br>(5) [Proposed] Order |

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR
DEFAULT JUDGMENT AND PERMANENT INJUNCTION

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CA 90071-3487
(213) 633-6800 Fax: (213) 633-6899

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................. 1

II.   DEFAULT JUDGMENT SHOULD BE GRANTED ................................... 2

    A.    Defendants are in Default. ............................................. 2

    B.    The Court Has Jurisdiction. ........................................... 2

        1.    Subject Matter Jurisdiction and Venue. ....................... 2

        2.    Personal Jurisdiction. ......................................... 3

    C.    Amazon Has Satisfied Federal Rule of Civil Procedure 55. ............. 5

    D.    Amazon's Complaint Establishes Defendants' Liability. ................ 6

        1.    Defendants Operate a Global Piracy and Counterfeit Scheme. .................................................... 6

        2.    Amazon Content Services Has Proven its Claim for Copyright Infringement (Claim 1). ............................ 7

        3.    Amazon Technologies Has Proven its Claim for Trademark Counterfeiting and Infringement (Claim 2). .......... 8

        4.    Amazon Technologies Has Proven its Claim for False Designation of Origin and False Advertising (Claim 3). ........ 10

        5.    Amazon Has Proven its Claim for Violations of UCL, Business and Professions Code § 17200 (Claim 4). ............. 11

        6.    The *Eitel* Factors Weigh in Favor of Default Judgment. ........ 11

    E.    The Court Should Award Monetary Relief to Amazon. ................... 14

        1.    Amazon Content Services Is Entitled to Statutory Damages for Defendants' Copyright Infringement. ............... 14

        2.    Amazon Technologies Is Entitled to Statutory Damages for Defendants' Trademark Infringement. .............. 18

    F.    The Court Should Enter a Permanent Injunction. ...................... 20

        1.    Amazon Meets the *eBay* Factors for a Permanent Injunction. .................................................. 20

            a.    Amazon Has Suffered Irreparable Harm. ................. 20

            b.    Monetary Damages Alone are Inadequate. ................ 20

            c.    The Balance of Equities Favors a Permanent

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR
DEFAULT JUDGMENT AND PERMANENT INJUNCTION

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CA 90071-3487
(213) 633-6800 Fax: (213) 633-6899

Injunction. ...................................................................... 21

        d.    The Public Interest Is Served By a Permanent Injunction. ...................................................................... 21

    2.    The Court Should Issue the Relief in the Proposed Order ....... 22

III.    CONCLUSION ................................................................................. 24

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR
DEFAULT JUDGMENT AND PERMANENT INJUNCTION

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CA 90071-3487
(213) 633-6800 Fax: (213) 633-6899

# TABLE OF AUTHORITIES

**Page**

**Cases**

*A&M Recs., Inc. v. Abdallah*,
   948 F. Supp. 1449 (C.D. Cal. 1996) .................................................. 14

*Acad. of Motion Picture Arts & Scis. v. Creative House Proms., Inc.*,
   944 F.2d 1446 (9th Cir. 1991) .......................................................... 11

*Au-Tomotive Gold, Inc. v. Volkswagen of Am., Inc.*,
   457 F.3d 1062 (9th Cir. 2006) .......................................................... 10

*Bangkok Broad. & T.V. Co., Ltd. v. IPTV Corp.*,
   549 F. App'x 647 (9th Cir. 2013) ..................................................... 17

*Botts v. Kompany.com*,
   2013 WL 12131257 (C.D. Cal. Jan. 14, 2013) .................................. 15

*Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*,
   174 F.3d 1036 (9th Cir. 1999) ...........................................................8

*Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*,
   406 U.S. 706 (1972) ...........................................................................2

*Coach Servs., Inc. v. YNM, Inc.*,
   2011 WL 1752091 (C.D. Cal. May 6, 2011) ............................... 18, 20

*Columbia Pictures Indus., Inc. v. Galindo*,
   2022 WL 17094713 (C.D. Cal. Nov. 18, 2022) ................................ 16

*Cont'l Airlines, Inc. v. Intra Brokers, Inc.*,
   24 F.3d 1099 (9th Cir. 1994) ............................................................ 20

*Cosmetic Ideas, Inc. v. IAC/Interactivecorp*,
   606 F.3d 612 (9th Cir. 2010) .............................................................8

*CytoSport, Inc. v. Vital Pharms., Inc.*,
   617 F. Supp. 2d 1051 (E.D. Cal. 2009) ........................................... 21

*Disney Enters., Inc. v. VidAngel, Inc.*,
   869 F.3d 848 (9th Cir. 2017) ........................................................... 21

iii

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR
DEFAULT JUDGMENT AND PERMANENT INJUNCTION

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CA 90071-3487
(213) 633-6800 Fax: (213) 633-6899

*Doe v. Unocal Corp.*,
    248 F.3d 915 (9th Cir. 2001), *overruled on other grounds as discussed in Williams v. Yamaha Motor Co.*, 851 F.3d 1015 (9th Cir. 2017) ..........................3

*Dreamwerks Prod. Grp., Inc. v. SKG Studio*,
    142 F.3d 1127 (9th Cir. 1998) ...................................................................8

*eBay Inc. v. MercExchange, L.L.C.*,
    547 U.S. 388 (2006)................................................................................ 20

*Eitel v. McCool*,
    782 F.2d 1470 (9th Cir. 1986) ....................................................... 11, 12

*Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co., Ltd.*,
    2021 WL 5707741, (N.D. Cal. Oct. 21, 2021), *report & recommendation adopted by* 2021 WL 5707740 (N.D. Cal. Nov. 16, 2021)...................5

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*,
    499 U.S. 340 (1991)...................................................................................7

*Fornix Holdings LLC v. Unknown Party*,
    2023 WL 6295014 (D. Ariz. Sept. 27, 2023) .................................... 23

*Freecycle Network, Inc. v. Oey*,
    505 F.3d 898 (9th Cir. 2007) ............................................................. 10

*Gucci Am., Inc. v. Wang Huoqing*,
    2011 WL 31191 (N.D. Cal. Jan. 3, 2011) *report & recommendation adopted by* 2011 WL 30972 (N.D. Cal. Jan. 5, 2011) ...................... 22

*Hearst Holdings, Inc. v. Kim*,
    2008 WL 11336137 (C.D. Cal. Aug. 17, 2008) ............................... 14

*Holland Am. Line Inc. v. Wartsila N. Am., Inc.*,
    485 F.3d 450 (9th Cir. 2007) .......................................................... 4, 5

*In re Tuli*,
    172 F.3d 707 (9th Cir. 1999) ............................................................2

*Internet Specialties W., Inc. v. Milon-DiGiorgio Enters., Inc.*,
    559 F.3d 985 (9th Cir. 2009) .......................................................... 21

*Kerr Corp. v. Tri Dental, Inc.*,
    2013 WL 990532 (C.D. Cal. Mar. 11, 2013)................................... 12

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR
DEFAULT JUDGMENT AND PERMANENT INJUNCTION

**DAVIS WRIGHT TREMAINE LLP**
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CA 90071-3487
(213) 633-6800 Fax: (213) 633-6899

*KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*,
  408 F.3d 596 (9th Cir. 2005) ...........................................................................9

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
  572 U.S. 118 (2014)......................................................................................10

*Lions Gate Films Inc. v. Saleh*,
  2016 WL 6822748 (C.D. Cal. Mar. 24, 2016)..................................... 12, 13

*LLC v. Kiss Libr.*,
  2020 WL 12863507 (W.D. Wash. Aug. 27, 2020)......................................23

*Luxul Tech. Inc. v. Netarlux, LLC*,
  78 F. Supp. 3d 1156 (N.D. Cal. 2015) ........................................................10

*Microsoft Corp. v. Nop*,
  549 F. Supp. 2d 1233 (E.D. Cal. 2008) .......................................................14

*Microsoft Corp. v. Ricketts*,
  2007 WL 1520965 (N.D. Cal. May 24, 2007)..............................................12

*Monster Energy Co. v. Vital Pharms., Inc.*,
  2023 WL 2918724 (C.D. Cal. Apr. 12, 2023) ..............................................22

*Nautilus, Inc. v. Chunchai Yu*,
  2011 WL 13213575 (C.D. Cal. Dec. 19, 2011) ............................................18

*Nintendo of Am., Inc. v. Dragon Pac. Int'l*,
  40 F.3d 1007 (9th Cir. 1994) ......................................................................17

*Otter Prods., LLC v. Anke Grp. Indus. Ltd.*,
  2013 WL 5910882 (D. Nev. Jan. 8, 2013).................................................23

*Panda Rest. Grp., Inc. v. Enymedia, Inc.*,
  2021 WL 4927416 (C.D. Cal. Aug. 12, 2021)..............................................12

*Paramount Pictures Corp. v. Does*,
  2022 WL 18357778 (C.D. Cal. Dec. 9, 2022) ..............................................16

*Paramount Pictures Corp. v. USA Cinemas Los Banos Inc.*,
  2010 WL 11597426 (C.D. Cal. Apr. 6, 2010) ..............................................16

*Patagonia, Inc. v. Tradition LLC*,
  2019 WL 1059687 (C.D. Cal. Mar. 4, 2019)................................................20

v

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR
DEFAULT JUDGMENT AND PERMANENT INJUNCTION

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CA 90071-3487
(213) 633-6800 Fax: (213) 633-6899

*Peer Int'l Corp. v. Pausa Records, Inc.*,
   909 F.2d 1332 (9th Cir. 1990) .................................................................... 14, 16

*PepsiCo Inc. v. Cal. Sec. Cans*,
   238 F. Supp. 2d 1172 (C.D. Cal. 2002) ........................................................ 13

*Philip Morris USA, Inc. v. Castworld Prods., Inc.*,
   219 F.R.D. 494 (C.D. Cal. 2003) ........................................................ 13, 16, 18

*Philip Morris USA Inc. v. Liu*,
   489 F. Supp. 2d 1119 (C.D. Cal. 2007) ...................................................... 8, 19

*Philip Morris USA Inc. v. Shalabi*,
   352 F. Supp. 2d 1067 (C.D. Cal. 2004) ........................................................ 10

*Rolex Watch U.S.A., Inc. v. Watch Empire LLC*,
   2015 WL 9690322 (C.D. Cal. Sept. 29, 2015) .......................................... 18, 21

*Safeworks, LLC v. Teupen Am., LLC*,
   717 F. Supp. 2d 1181 (W.D. Wash. June 1, 2010) ........................................ 22

*Sas v. Sawabeh Info. Servs. Co.*,
   2012 WL 12886442 (C.D. Cal. Apr. 6, 2012) ............................................... 23

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) .......................................................................... 3

*Simple Design Ltd. v. Enerjoy Ltd.*,
   710 F. Supp. 3d 817 (C.D. Cal. 2024) .......................................................... 22

*Star Fabrics, Inc. v. Zappos Retail, Inc.*,
   2013 WL 12123687 (C.D. Cal. Sept. 10, 2013) ............................................ 14

*Talavera Hair Prods., Inc. v. Taizhou Yunsung Elec. Appliance Co., Ltd.*,
   2021 WL 3493094 (S.D. Cal. Aug. 6, 2021) .................................................... 5

*TeleVideo Sys., Inc. v. Heidenthal*,
   826 F.2d 915 (9th Cir. 1987) ........................................................................... 6

*TrafficSchool.com, Inc. v. Edriver Inc.*,
   653 F.3d 820 (9th Cir. 2011) ........................................................................ 10

*Warner Bros. Ent. Inc. v. Caridi*,
   346 F. Supp. 2d 1068 (C.D. Cal. 2004) ........................................................ 16

*Warner Bros. Ent., Inc. v. Vega*,
  2012 WL 13008442 (C.D. Cal. Mar. 21, 2012)................................................. 22

*Warner Bros. Home Ent. Inc. v. Jimenez*,
  2013 WL 3397672 (C.D. Cal. July 8, 2013)................................................... 20

*Warner Bros. Home Ent., Inc. v. Slaughter*,
  2013 WL 5890682 (C.D. Cal. Oct. 30, 2013)................................................ 12

*Wecosign, Inc. v. IFG Holdings, Inc.*,
  845 F. Supp. 2d 1072 (C.D. Cal. 2012) ......................................................... 21

*Wimo Labs, LLC v. eBay, Inc.*,
  2017 WL 10439835 (C.D. Cal. Aug. 3, 2017)........................................... 18, 19

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*,
  433 F.3d 1199 (9th Cir. 2006) ....................................................................... 3

**Statutes**

15 U.S.C.
  § 1051 *et seq.* (Lanham Act)............................................................... *passim*
  § 1114 ...................................................................................................... 2, 8
  § 1117 ........................................................................................................ 18
  § 1121 .......................................................................................................... 2
  § 1125 .................................................................................................... 2, 10
  § 1127 .......................................................................................................... 9

17 U.S.C.
  § 101 (Copyright Act) .......................................................................... 1, 14, 17
  § 410 ............................................................................................................ 8
  § 501 ............................................................................................................ 2
  § 504 ........................................................................................................... 14

28 U.S.C.
  § 1331 .......................................................................................................... 2
  § 1332 .......................................................................................................... 2
  § 1367 .......................................................................................................... 2
  § 1338 .......................................................................................................... 2
  § 1391 .......................................................................................................... 2
  § 1400 .......................................................................................................... 2

50 U.S.C. § 520 (Servicemembers Civil Relief Act)............................................. 6

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR
DEFAULT JUDGMENT AND PERMANENT INJUNCTION

Business & Professions Code
§ 17200 ................................................................................................ 11
§ 17200, *et seq.* (California's Unfair Competition Law) .................................... 2

**Rules**

Federal Rule of Civil Procedure
4 ................................................................................................ 4, 5
12 ................................................................................................ 2
55 ................................................................................................ 2, 5
65 ................................................................................................ 22

Local Civil Rule 55 ................................................................................................ 2

# I.   INTRODUCTION

Defendants DVD Trade Int. Ltd. ("DVD Trade"), Media Wholesale UK ("Media Wholesale"), and Yangchun Zhang ("Zhang"), doing business under the name DVDSHELF, operate a global network of websites that have advertised and sold a vast array of pirated DVDs (the "Piracy Websites") that violate the intellectual property rights of Amazon Content Services, LLC ("Amazon Content Services") and Amazon Technologies, Inc. ("Amazon Technologies") (together, "Amazon"), among others. Defendants' DVDs infringe at least 78 of Amazon's copyrighted works, including Amazon's most popular and acclaimed television series, such as *The Lord of the Rings: The Rings of Power*, *The Boys*, and *Daisy Jones and The Six*. *See* Dkt. 1-1 (the "Amazon Series"). Certain of the Amazon Series have been distributed exclusively via Amazon's video-on-demand service, Amazon Prime Video ("Prime Video"), and none were authorized for distribution by Defendants. In addition to illegally reproducing and distributing Amazon's copyrighted works, Defendants also used unauthorized depictions of Amazon's registered trademarks on both the packaging of their DVDs and on their Piracy Websites.

Defendants have not responded or appeared in this lawsuit. Instead, they have doubled down on their infringing conduct, shutting down certain websites after the lawsuit was filed and then creating new infringing websites. As of the date of this Motion, at least two of the Piracy Websites remain active.

Amazon requests that the Court (1) enter default judgment, (2) award Amazon statutory damages under the Copyright Act and the Lanham Act totaling $6,075,000, and (3) enjoin Defendants' unlawful conduct, including by directing the transfer of the Piracy Websites to Amazon's control.

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR
DEFAULT JUDGMENT AND PERMANENT INJUNCTION

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CA 90071-3487
(213) 633-6800 Fax: (213) 633-6899

## II.   DEFAULT JUDGMENT SHOULD BE GRANTED

### A.   Defendants are in Default.

Amazon initiated this action on August 22, 2023. *See* Dkt. 1 ("Compl."). After the Court granted permission to serve Defendants via email, Dkt. 24, Amazon served the Defendants on April 22-23, 2023. Dkt. 25 (Certificate of Service). Defendants have not appeared personally or through counsel, have not filed or served an answer during the time provided in Rule 12 of the Federal Rules of Civil Procedure, and have not otherwise indicated their intent to participate in this litigation. Dkt. 26; Dkt. 26-1. Accordingly, on September 16, 2024, the Clerk entered default against Defendants. Dkt. 28. Amazon now moves for default judgment under Federal Rule of Civil Procedure 55(b) and Local Civil Rule 55(b).

### B.   The Court Has Jurisdiction.

In considering entry of default judgment, the Court must examine its jurisdiction over the subject matter and the parties. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

#### 1.   Subject Matter Jurisdiction and Venue.

This Court has subject-matter jurisdiction over the copyright infringement, trademark counterfeiting and infringement, and false designation of origin and false advertising claims. *See* 17 U.S.C. § 501; 15 U.S.C. § 1114; 15 U.S.C. § 1121; 15 U.S.C. § 1125(a); 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction over Amazon's claim for violation of California's Unfair Competition Law (Bus. & Prof. Code § 17200, *et seq.*), pursuant to 28 U.S.C. §§ 1332 and 1367. Venue is likewise proper in this District under 28 U.S.C. §§ 1391(b)-(d) and 1400(a)-(b).[1]

---

[1] As foreign defendants, Defendants may be sued in any district where the acts of infringement took place. *See Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 713-14 (1972).

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR
DEFAULT JUDGMENT AND PERMANENT INJUNCTION

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CA 90071-3487
(213) 633-6800 Fax: (213) 633-6899

## 2. Personal Jurisdiction.

This Court has personal jurisdiction over Defendants. First, this Court has specific jurisdiction over Defendants because their "contacts with the forum give rise to the cause of action before the court." *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001), *overruled on other grounds as discussed in Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1024 (9th Cir. 2017). The Ninth Circuit evaluates specific jurisdiction using a three-part test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (internal quotation marks and citation omitted). The purposeful availment prong requires a showing that "'defendant allegedly […] (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (quoting *Schwarzenegger*, 374 F.3d at 803). These jurisdictional requirements are satisfied.

Defendants have purposefully directed their activities toward this District by transacting business and committing tortious acts within this District, and Amazon's claims arise from those activities. *See* Declaration of Scott Commerson in Support of Motion for Default Judgment ("Commerson Decl.") ¶¶ 3, 8-12. For example, while Amazon's investigation indicates that Defendants reside in China, they used a warehouse located at 17256 S Main St., Gardena, CA 90243 (the "Gardena

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION

**DAVIS WRIGHT TREMAINE LLP**
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CA 90071-3487
(213) 633-6800 Fax: (213) 633-6899

Address") to store and fulfill orders of their infringing DVDs for their U.S. customers. *See id.* ¶ 8; Compl. ¶ 12. When Amazon's investigator made test purchases of infringing DVDs from the Defendants' DVD Wholesale and dvdshelf.com.au websites, the shipping labels for the products that were delivered displayed the Gardena Address as the return address. *See* Commerson Decl. ¶ 9; Compl. ¶ 12.[2] In addition, Defendants' infringement targets companies and their intellectual property located in this District, as the vast majority of film and television series that are offered for purchase on the Piracy Websites are in English and appear to be titles for an American audience offered by studios, many of which are based in Los Angeles, California. *See* Commerson Decl. ¶ 10; Compl. ¶ 13. In addition, certain of the Defendants' Piracy Websites advertise to customers in California, and ship infringing DVDs to customers in California, using U.S. shipping companies or entities. *See* Commerson Decl. ¶ 11; Compl. ¶ 13. As a result, Amazon's infringement claims arise out of Defendants' activities directed toward California, and there is nothing unreasonable about exercising jurisdiction here.

In the alternative, Amazon has established personal jurisdiction pursuant to Federal Rule of Civil Procedure 4(k)(2). To establish personal jurisdiction under Rule 4(k)(2), (1) "the claim … must arise under federal law"; (2) "the defendant must not be subject to the personal jurisdiction of any state court of general jurisdiction"; and (3) "the federal court's exercise of personal jurisdiction must comport with due process." *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 461 (9th Cir. 2007). The due process analysis under Rule 4(k)(2) mirrors

---

[2] In addition, the Terms of Service displayed on the Defendants' dvd-wholesale.com and bilidvd.com websites indicated that Defendant shipped some of their packages from a warehouse located in the U.S., presumably the Gardena Address. *See* Commerson Decl. ¶ 9; Compl. ¶ 12.

the traditional personal jurisdiction analysis, except that the Court "consider[s] contacts with the nation as a whole." *Id.* at 462.

The requirements of Rule 4(k)(2) are satisfied. First, Amazon's copyright and Lanham Act claims arise under federal law. Second, the facts demonstrate that Defendants are located in China, and they have not asserted they are subject to personal jurisdiction in any state other than California. *See Wartsila*, 485 F.3d at 462 ("[A]bsent any statement from [a defendant] that it is subject to the courts of general jurisdiction in another state, the second requirement of Rule 4(k)(2) is met."). Finally, the exercise of jurisdiction comports with due process for the reasons stated above.

The totality of these facts establish that Defendants expressly aimed their conduct at the United States. *See Talavera Hair Prods., Inc. v. Taizhou Yunsung Elec. Appliance Co., Ltd.*, 2021 WL 3493094, at *11 (S.D. Cal. Aug. 6, 2021) (Rule 4(k)(2) satisfied where defendants listed product descriptions in English and shipped products to the United States); *Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co., Ltd.*, 2021 WL 5707741, at *4 (N.D. Cal. Oct. 21, 2021) (defendants' sale of compromised U.S.-based social media accounts indicated that they "sought to capitalize on an interest in targeting … the United States."), *report & recommendation adopted by* 2021 WL 5707740 (N.D. Cal. Nov. 16, 2021).

In sum, the facts establish that the Court has personal jurisdiction over Defendants.

## C.    Amazon Has Satisfied Federal Rule of Civil Procedure 55.

The Court should exercise its authority to enter default judgment. Amazon properly served Defendants, and Defendants have not appeared or responded to the Complaint. *See* Commerson Decl. ¶¶ 24-26. Amazon has met the procedural requirements for obtaining an entry of default (Dkts. 28-29), and submitted a declaration setting forth facts regarding the default. Commerson Decl. ¶¶ 24-26; Dkt. 26-1. Defendants are not infants, incompetent persons, or persons in the

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CA 90071-3487
(213) 633-6800 Fax: (213) 633-6899

military within the meaning of the Servicemembers Civil Relief Act (50 U.S.C. § 520). *See* Commerson Decl. ¶ 26.

**D.      Amazon's Complaint Establishes Defendants' Liability.**

On a motion for default judgment, the Court must accept the factual allegations in the complaint as true, with the exception that facts related to the amount of damages must be proven. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam). The allegations in the Complaint establish that Defendants are liable on all claims.

**1.      Defendants Operate a Global Piracy and Counterfeit Scheme.**

Defendants operated a series of Piracy Websites. *See* Compl. ¶¶ 2, 25-41. The Piracy Websites have unlawfully advertised, marketed, and sold pirated DVDs that infringe various films and television series, including the Amazon Series. *See id.* ¶¶ 25-36. Through an extensive investigation, Amazon identified a website, dvd-wholesale.com, that targeted U.S. customers. The website billed itself as the "leading dvd distributor warehouse in the U.S." and advertised "top quality DVDs at factory price." *See id.* ¶ 26. Ultimately, Amazon identified seven additional websites, also controlled by Defendants, that sold DVDs that infringed the Amazon Series, among other works. Those additional websites were: (1) www.bilidvd.com; (2) www.dvdshelf.com.au; (3) www.ddddd.com.au; (4) www.buydvds.com.au; (5) www.dvds.trade; (6) www.dvdwholesale.co.uk; and (7) www.cheap-dvds.com. *See id.* ¶¶ 27-28; Commerson Decl. ¶¶ 2.

During its investigation, Amazon uncovered numerous connections that linked the Piracy Websites to each other as well as to Defendants. *First*, the Piracy Websites displayed similar home pages and "contact" pages, as well as similar website banners, fonts, colors, and typeface. *See* Compl. ¶¶ 30-31. *Second*, each Piracy Website offered pirated DVDs for the same collection of Amazon Series, and each Piracy Website advertised these DVDs in a similar manner. *See id.* ¶¶ 32-

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CA 90071-3487
(213) 633-6800 Fax: (213) 633-6899

33. *Third*, WhoIs[3] registrant information disclosed that at least six of the Piracy Websites were affiliated with Defendant DVD Shelf or Defendant Zhang. *See id.* ¶¶ 37, 41.[4] Public records also revealed that Defendant Zhang is the owner of a trademark registration filed in Australia for the mark "DVD Shelf," which matched one of the domains. *See id.* ¶ 38. *Fourth*, Amazon's test purchases demonstrate that the Piracy Websites all used a common payment service provider—PayPal, Inc.—to process customer payments, and the PayPal receipts for five of the Piracy Websites identified the same entity, DVD Trade, as the payment recipient. *See id.* ¶¶ 39, 41.

In addition, Amazon has obtained evidence proving that Defendants' global piracy and counterfeiting scheme extends beyond infringing Amazon's intellectual property. As part of conducting test purchases from Defendants' Piracy Websites, Amazon's investigators also conducted test purchases of DVDs bearing IP owned by other members of the Motion Picture Association ("MPA"). Compl. ¶¶ 2, 24, 35; Commerson Decl. ¶ 12. The MPA subsequently examined the non-Amazon DVDs sold by Defendants, and determined that every sample tested (comprising more than 20 works) was infringing. *See id.* As a result, it appears that all of the DVDs sold through these Websites are infringing.

## 2. Amazon Content Services Has Proven its Claim for Copyright Infringement (Claim 1).

To prevail on a claim for copyright infringement, a plaintiff must establish two elements: (1) ownership of the copyright by the plaintiff, and (2) copying by the defendant. *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340,

---

[3] "WhoIs" is a public database that includes information about domain owners and their contact information.

[4] The remaining Piracy Website, www.dvdwholesale.co.uk, was privacy-protected and Amazon was unable to determine its registrant information. *See* Compl. ¶¶ 39-41. As detailed in the Complaint, Amazon identified additional links between this website, the other Piracy Websites, and Defendants, including common payment and contact information. *See id.*

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CA 90071-3487
(213) 633-6800 Fax: (213) 633-6899

361 (1991). Registration of a copyright is prima facie evidence of a valid copyright. *See Cosmetic Ideas, Inc. v. IAC/Interactivecorp*, 606 F.3d 612, 619 (9th Cir. 2010). Plaintiff Amazon Content Services has satisfied both elements.

First, Amazon Content Services owns or co-owns the copyrights in each of the Amazon Series. Compl. ¶¶ 15, 32. It has provided copyright registrations for the applicable Amazon Series. Compl. Ex. B (attaching registration certificates). This uncontested proof of registration is prima facie evidence that Amazon Content Services has valid copyrights to the those Amazon Series. 17 U.S.C. § 410(c).

Second, as alleged in the Complaint and admitted by default, Defendants have willfully violated Amazon Content Services' rights by reproducing and distributing the Amazon Series without authorization. *See* Compl. ¶¶ 50-59. Specifically, Amazon's investigators conducted test purchases of DVDs from the Piracy Websites. *See id.* ¶¶ 2, 24, 34. As part of those test purchases, the Piracy Websites shipped DVDs to Amazon's investigators which contained unauthorized copies of the Amazon Series. *See id.* ¶ 34. Amazon Content Services never authorized Defendants to copy or distribute the Amazon Series. *See id.* ¶ 34.

### 3. Amazon Technologies Has Proven its Claim for Trademark Counterfeiting and Infringement (Claim 2).

To establish a trademark infringement claim, a plaintiff must demonstrate that "(1) it owns a valid and protectable trademark, and (2) the defendant used in commerce a similar mark without authorization in a manner likely to cause consumer confusion, deception, or mistake." *Philip Morris USA Inc. v. Liu*, 489 F. Supp. 2d 1119, 1122 (C.D. Cal. 2007) (citing 15 U.S.C. § 1114(1)(a)); *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1046-47 (9th Cir. 1999). The test of likelihood of confusion is "whether a 'reasonably prudent consumer' in the marketplace is likely to be confused as to the origin of the goods or services bearing one of the marks." *Dreamwerks Prod. Grp., Inc. v. SKG Studio*, 142 F.3d 1127, 1129 (9th Cir. 1998). To prove counterfeiting, Amazon must show that

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CA 90071-3487
(213) 633-6800 Fax: (213) 633-6899

Defendants used a "spurious mark which is identical with, or substantially
indistinguishable from, [Amazon's] registered mark." 15 U.S.C. § 1127.

Here, Amazon Technologies owns, manages, enforces, licenses, and
maintains valid and enforceable trademark rights, which it displays in connection
with the lawful distribution of the Amazon Series. *See* Compl. ¶¶ 17, 61; Ex. C to
Compl. (attaching trademark registrations) (the "Amazon Trademarks"). *See KP
Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 408 F.3d 596, 604 (9th Cir.
2005) (federal registration provides prima facie evidence of mark's validity and
entitles plaintiff to "strong presumption" that mark is a protectable mark) (internal
quotation marks and citation omitted).

Amazon uses the Amazon Trademarks in connection with the Amazon Series
to signify to consumers that the Amazon Series are produced, distributed, and
associated with Amazon. *See* Compl. ¶¶ 18-21. As a result of Amazon's use of
these Trademarks, there is a close association between Amazon, the Amazon
Trademarks, and the products and services offered by Amazon, including the
Amazon Series. *See id*. The Amazon Trademarks are exceptionally strong, and have
come to represent a wide selection of Amazon products and services, outstanding
customer service, and unsurpassed trust. *See id*. ¶ 21. Defendants' intentional use of
the Amazon Trademarks in commerce is likely to cause consumer confusion.
Defendants have copied the Amazon Trademarks and used them to advertise,
market, distribute, and sell pirated DVDs of the Amazon Series. *See id*. ¶¶ 60-80.
Defendants display the Amazon Trademarks on their DVDs to falsely suggest the
products are authorized by Amazon when they are not. *See id*. Further, as of the
date of this Motion, Defendants continue to use the Amazon Trademarks on some
of the Piracy Websites. *See id*. ¶ 65; Commerson Decl. ¶ 21. Cases such as this—
where the alleged infringer intentionally used exact copies of strong, distinctive
marks and targeted the mark owner's customers—"present[] an easy analysis in
terms of likelihood of confusion" and demonstrate Defendants' trademark

9

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR
DEFAULT JUDGMENT AND PERMANENT INJUNCTION

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CA 90071-3487
(213) 633-6800 Fax: (213) 633-6899

counterfeiting. *See Au-Tomotive Gold, Inc. v. Volkswagen of Am., Inc.*, 457 F.3d 1062, 1076-78 (9th Cir. 2006).

### 4.    Amazon Technologies Has Proven its Claim for False Designation of Origin and False Advertising (Claim 3).

A claim under the false designation of origin prong of § 43(a) of the Lanham Act requires a showing that defendants "(1) used in commerce, (2) any word, false designation of origin, false or misleading description, or representation of fact, which (3) is likely to cause confusion or mistake, or to deceive, as to sponsorship, affiliation or the origin of the goods or services in question." *Luxul Tech. Inc. v. Netarlux, LLC*, 78 F. Supp. 3d 1156, 1170 (N.D. Cal. 2015) (citing *Freecycle Network, Inc. v. Oey*, 505 F.3d 898, 902-04 (9th Cir. 2007)); 15 U.S.C. § 1125 (prohibiting the use of words, term names, symbols, or devices that provide a false designation of origin and false advertising). A claim under the "false advertising" prong of § 43(a) requires a plaintiff to show: (1) an "injury to a commercial interest in sales or business reputation"; (2) that is "proximately caused by the defendant's misrepresentations." *Lexmark Int'l, Inc. v. Static Control Components, Inc.,* 572 U.S. 118, 140 (2014). A plaintiff alleging competitive injury under the "false advertising" prong "need only believe that he [or she] is likely to be injured in order to bring a Lanham Act claim." *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 825 (9th Cir. 2011) (emphasis omitted). These elements are routinely met in cases involving counterfeit marks, as "'counterfeit marks are inherently confusing.'" *Philip Morris USA Inc. v. Shalabi*, 352 F. Supp. 2d 1067, 1073 (C.D. Cal. 2004) (citations omitted).

As discussed in the preceding section, Defendants used the Amazon Trademarks on the packaging of their pirated DVDs, as well as on the Piracy Websites where they advertised and marketed their counterfeit products. *See* Compl. ¶¶ 71-80. Defendants' misuse of the Amazon Trademarks deceived customers into believing that they were buying authentic versions of the Amazon

Series. *See id*. Defendants' exploitation of the Amazon Trademarks undermined, and continues to undermine, Amazon's reputation and deprives Amazon of revenues from authorized distribution of the Amazon Series. *See id*. Therefore, Amazon Technologies has sufficiently pled a claim for false designation of origin and false advertising under the Lanham Act.

### 5. Amazon Has Proven its Claim for Violations of UCL, Business and Professions Code § 17200 (Claim 4).

To state a claim for unfair competition under Section 17200, a plaintiff must show that by reason of the defendants' unlawful, unfair, or fraudulent business acts or practices, it suffered an injury in fact and a loss of money or property. Cal. Bus. Prof. Code § 17200. The Ninth Circuit has recognized that "[a]n action for unfair competition under … § 17200 is 'substantially congruent' to a trademark infringement claim under the Lanham Act." *Acad. of Motion Picture Arts & Scis. v. Creative House Proms., Inc.*, 944 F.2d 1446, 1457 (9th Cir. 1991).

As alleged in the Complaint and admitted by default, Defendants used the Amazon Trademarks without authorization to advertise, market, sell, and distribute their pirated DVDs. *See* Compl. ¶ 82. Defendants' conduct not only harms the public interest by deceiving customers about the authenticity, origin, and sponsorship of their DVDs, but it also tarnishes Amazon's reputation and brand, and deprives Amazon of legitimate sales. *See id.* ¶¶ 83-84. As a result, Amazon has stated a valid claim for violation of Section 17200.

### 6. The *Eitel* Factors Weigh in Favor of Default Judgment.

To determine if default judgment is appropriate, courts apply the *Eitel* factors; namely, "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CA 90071-3487
(213) 633-6800 Fax: (213) 633-6899

policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

As to the first factor, without entry of default judgment, Amazon will be deprived of any remedy for the injuries that Defendants' infringements have caused, and continue to cause. *See Panda Rest. Grp., Inc. v. Enymedia, Inc.*, 2021 WL 4927416, at *4 (C.D. Cal. Aug. 12, 2021) (first factor favors plaintiff where there would otherwise be continuing infringements). Defendants' past misconduct, coupled with their failure to defend this case, indicate that they are "highly unlikely to correct past misbehavior or otherwise compensate [the plaintiff] without a default judgment by the Court." *Kerr Corp. v. Tri Dental, Inc.*, 2013 WL 990532, at *3 (C.D. Cal. Mar. 11, 2013). Therefore, "Plaintiff will likely suffer great prejudice through the loss of sales and diminution of goodwill if default is not entered." *Id.* (internal quotation marks and citation omitted). This factor also weighs in favor of default judgment where, as here, "Plaintiff has no other means to collect compensation from the Defendant, leaving Plaintiff without a proper remedy absent default judgment." *Warner Bros. Home Ent., Inc. v. Slaughter*, 2013 WL 5890682, at *3 (C.D. Cal. Oct. 30, 2013).

As to the second and third factors, Amazon has proven all of the claims asserted in its well-pled Complaint. *See Microsoft Corp. v. Ricketts*, 2007 WL 1520965, at *2 (N.D. Cal. May 24, 2007) (second and third *Eitel* factors typically considered together). *See* above Sections II.D.2-5.

As to the fourth factor, the damages Amazon seeks are authorized by law and are proportionate to the financial and reputational harm caused by Defendants' fraudulent scheme. *See Lions Gate Films Inc. v. Saleh*, 2016 WL 6822748, at *4 (C.D. Cal. Mar. 24, 2016) ("The fourth factor balances the sum of money at stake 'in relation to the seriousness of the action.' The amount at stake must not be disproportionate to the harm alleged.") (internal quotation marks and citation omitted). As alleged in the Complaint, Defendants' counterfeiting scheme caused

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR
DEFAULT JUDGMENT AND PERMANENT INJUNCTION

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CA 90071-3487
(213) 633-6800 Fax: (213) 633-6899

harm to Amazon's reputation and goodwill, as well as direct financial harm to Amazon in the form of lost revenues from Defendant's unauthorized exploitation of its copyrighted works. *See* Compl. ¶¶ 44, 45, 70, 72, 76, 84; Declaration of Michael Kelly ("Kelly Decl.") ¶¶ 6-8; Moore Decl. ¶¶ 7-10.

As to the fifth factor, Defendants' failure to respond shows they have no grounds to dispute the material allegations of the Complaint, which are taken as true. *See PepsiCo Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Failure to respond to a complaint indicates that "the likelihood that any genuine issue may exist is, at best, remote." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 500 (C.D. Cal. 2003). Moreover, even if Defendants had appeared, they could not reasonably dispute the evidence of their infringement. Moreover, multiple test purchases by Amazon investigators confirmed that every single DVD sampled was infringing. *See* Compl. ¶¶ 2, 24, 34-35; Commerson Decl. ¶ 12.

Under the sixth factor, no facts suggest that Defendants' failure to file a responsive pleading or to respond to the entry of default resulted from excusable neglect. The opposite is true. Defendants' conduct after service of the Complaint— including shutting down certain of the Piracy Websites, creating at least one additional Piracy Website, and then redirecting the old websites to new Piracy Websites (which offered the same Amazon DVD titles)—show they are aware of this action and have refused to participate. *See* Commerson Decl. ¶¶ 14-23.

For the seventh factor, although there is a strong policy for deciding cases on the merits, Defendants' refusal to respond to Amazon's claims makes such a decision "'impractical, if not impossible.'" *Lions Gate*, 2016 WL 6822748, at *5 (quoting *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177).

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR
DEFAULT JUDGMENT AND PERMANENT INJUNCTION

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CA 90071-3487
(213) 633-6800 Fax: (213) 633-6899

**E.    The Court Should Award Monetary Relief to Amazon.**

**1.    Amazon Content Services Is Entitled to Statutory Damages for Defendants' Copyright Infringement.**

Amazon Content Services is entitled to statutory damages for Defendants' copyright violations. Under the Copyright Act, a copyright infringer is liable for either statutory damages or "actual damages and any … profits of the infringer." 17 U.S.C. § 504(a). "'[S]tatutory damages are appropriate in default judgment cases because the information needed to prove actual damages is within the infringers' control and is not disclosed.'" *Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1238 (E.D. Cal. 2008) (citation omitted). The Copyright Act authorizes statutory damages of up to $30,000 per infringed work, or enhanced damages of up to $150,000 per infringed work if the infringement is willful. 17 U.S.C. § 504(c). The Court has broad discretion to determine the amount of statutory damages to be awarded. *See Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990).

In exercising this discretion, the Court may consider factors such as "the expenses saved and profits reaped by the infringer, the deterrent effect of the award on defendant and on third parties, and the infringer's state of mind in committing the infringement." *Star Fabrics, Inc. v. Zappos Retail, Inc.*, 2013 WL 12123687, at *6 (C.D. Cal. Sept. 10, 2013) (internal quotation marks and citation omitted) (citing cases); *Hearst Holdings, Inc. v. Kim*, 2008 WL 11336137, at *6 (C.D. Cal. Aug. 17, 2008) (court considering whether infringer's state of mind was "willful, knowing, or merely innocent" in assessing statutory damages) (internal quotation marks and citation omitted). When assessing willfulness for the purposes of Section 504(c)(2), "a defendant acts willfully if he or she knew, or had reason to know, or recklessly disregarded the fact that his or her conduct constitutes copyright infringement." *A&M Recs., Inc. v. Abdallah*, 948 F. Supp. 1449, 1457 (C.D. Cal. 1996).

Here, Amazon Content Services requests statutory damages of $3,075,000, consisting of: (1) $75,000 for each of the 24 copyrighted works that Amazon

exclusively owns (totaling $1,800,000), (2) between $18,750 and $37,500 for each of the remaining 62 copyrighted works that Amazon Content Services co-owns in accordance with Amazon Content Services' ownership percentage (totaling $1,275,000), as set forth on the below table; *see also* Dkt. 1-2 (listing Amazon Content Services' copyrighted works and registrations); Moore Decl. ¶ 5.[5]

| Series Title[6] | Amazon's Ownership Percentage (%) | Proportional Amount Requested Per Each Copyrighted Episode ($) | Total Amount Requested ($) |
|---|---|---|---|
| *The Lord of the Rings: The Rings of Power* | 100% | $75,000 (8 episodes) | $600,000 |
| *The Peripheral* | 50% | $37,500 (8 episodes) | $300,000 |
| *The Boys* | 25% | $18,750 (24 episodes) | $450,000 |
| *Daisy Jones & The Six* | 50% | $37,500 (10 episodes) | $375,000 |
| *Carnival Row* | 50% | $37,500 (8 episodes) | $300,000 |
| *Clarkson's Farm* | 100% | $75,000 (8 episodes) | $600,000 |
| *The Legend of Vox Machina* | 50% | $37,500 (12 episodes) | $450,000 |
| | | | **Total: $3,075,000** |

---

[5] Under the Copyright Act, "a joint owner is not required to join other co-owners in an action for infringement, [although] recovery is confined to the [plaintiff co-owner's] part; that is to say, to its … proper share of any statutory damages…." *Botts v. Kompany.com*, 2013 WL 12131257, at *1 (C.D. Cal. Jan. 14, 2013) (citing cases). As a result, for the 62 copyrights that Amazon Content Services co-owns, Amazon Content Services seeks less than $75,000 per copyrighted work based on its proportional ownership share.

[6] Amazon Technologies is asserting trademark infringement claims based on two additional titles, *The Expanse* and *Invincible*, which are not part of Amazon Content Services' copyright infringement claims.

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CA 90071-3487
(213) 633-6800 Fax: (213) 633-6899

The requested amount of $75,000 per copyrighted work (or Amazon Content Services' proportional percentage of that number based on its ownership percentage) is well below the maximum of $150,000 per copyrighted work for Defendants' willful conduct, and such award is warranted to deter future infringement.[7] This sum is within the range of awards from courts in this Circuit in similar infringement cases. For example, in a recent copyright infringement action involving multiple television series and films, Judge Scarsi awarded $150,000 per infringed work, finding such an award was necessary because "the copyrights at issue … are highly valuable" for "television series and films that cost tens of millions of dollars to produce and commend millions of dollars … for streaming rights," and defendants' infringement had "significant[ly]" diverted revenues. *Paramount Pictures Corp. v. Does*, 2022 WL 18357778, at *3-4 (C.D. Cal. Dec. 9, 2022); *see also Warner Bros. Ent. Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1074 (C.D. Cal. 2004) (in copyright infringement action involving films, awarding $150,000 per work); *Columbia Pictures Indus., Inc. v. Galindo*, 2022 WL 17094713, at *12 (C.D. Cal. Nov. 18, 2022) (awarding $150,000 for each of 344 infringed television programs and motion pictures); *Paramount Pictures Corp. v. USA Cinemas Los Banos Inc.*, 2010 WL 11597426, at *6 (C.D. Cal. Apr. 6, 2010)  (awarding maximum statutory damages for infringed film); *Peer Int'l Corp. v. Pausa Recs., Inc.*, 909 F.2d 1332, 1336-37 (9th Cir. 1990) (in copyright infringement action involving multiple musical compositions, affirming award of then-maximum $50,000 per infringed work).

---

[7] The Complaint alleges that Defendants' copyright infringement was willful, and provides ample facts to support willfulness. *See, e.g.*, Compl. ¶¶ 1, 13, 25-36, 44. In addition, willfulness can be inferred from Defendants' failure to defend. *See Castworld Prods.*, 219 F.R.D. at 500 (defendant's "failure to comply with the judicial process or to participate in any way in the present litigation" supported willfulness).

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CA 90071-3487
(213) 633-6800 Fax: (213) 633-6899

Amazon Content Services has been damaged in the form of lost revenues. Amazon operates a streaming-video-on-demand service, Amazon Prime Video, which is a subscription streaming and rental service that allows customers to access films and television series, including the Amazon Series. Moore Decl. ¶¶ 3-4. Amazon customers must purchase a Prime subscription to access to the service. *See id.* Customers who purchase Defendants' unauthorized DVDs of the Amazon Series are able to access this content without subscribing to Amazon Prime or otherwise paying the rightsholders for the content. *See id.* Defendants thereby unfairly compete with Amazon and its affiliates, diverting sales and subscriptions from Prime Video, and usurping Amazon Content Services' control over its copyrighted works. *See id.*

Moreover, a substantial statutory damages award will deter and punish Defendants, who have demonstrated a flagrant disregard for the rights of intellectual property owners. Defendants have continued to operate their Piracy Websites, in various forms, since becoming aware of this action, including by temporarily shutting down or blocking access to some of the Piracy Websites, reactivating those Piracy Websites, and creating new Piracy Websites. *See* Commerson Decl. ¶¶ 15-19. Without a substantial damages award, Defendants will have no incentive to stop abusing Amazon Content Services' copyrights. And while injunctive relief is both appropriate and necessary (as described below), it is not adequate alone to deter Defendants' global piracy scheme.

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CA 90071-3487
(213) 633-6800 Fax: (213) 633-6899

**2.     Amazon Technologies Is Entitled to Statutory Damages for Defendants' Trademark Infringement.**[8]

Under the Lanham Act, the Court may award statutory damages between $1,000 and $200,000 for non-willful infringement of each registered trademark infringed, and where the Court finds that the infringement was willful, it may award up to $2,000,000 per mark per type of goods or services sold. *See* 15 U.S.C. § 1117(c)(1)-(2). As with statutory damages for copyright infringement, a court has broad discretion in determining the amount of statutory damages.

Here, Amazon Technologies requests $1,000,000 for each of the three Amazon Trademarks that Defendants infringed,[9] for a total of $3,000,000 in statutory damages under the Lanham Act. This sum is half the statutory maximum of $2 million per mark, and it is well within the range of awards for damages in similar cases. *See, e.g.*, *Nautilus, Inc. v. Chunchai Yu*, 2011 WL 13213575, at *16 (C.D. Cal. Dec. 19, 2011) (awarding *maximum* $8 million in statutory damages against three defendants and $4 million in statutory damages against remaining two defendants for infringing four trademarks); *see also Wimo Labs, LLC v. eBay, Inc.*, 2017 WL 10439835, at *6 (C.D. Cal. Aug. 3, 2017) (awarding *maximum* $4 million in statutory damages where defendants infringed two trademarks); *Rolex Watch U.S.A., Inc. v. Watch Empire LLC*, 2015 WL 9690322, at *4 (C.D. Cal. Sept. 29,

---

[8] The Ninth Circuit has long held that plaintiffs may recover statutory damages under both the Copyright Act and the Lanham Act. *See, e.g.*, *Nintendo of Am., Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1011 (9th Cir. 1994) ("Congress created two separate statutory schemes to govern copyrights and trademarks; in order to effectuate the purpose of both statutes, damages may be awarded under both."); *Bangkok Broad. & T.V. Co., Ltd. v. IPTV Corp.*, 549 F. App'x 647, 647-48 (9th Cir. 2013) ("It is clear enough that, when a defendant violates both the Copyright Act and the Lanham Act, an award of both damages is appropriate.") (internal quotation marks and citation omitted).

[9] In this Motion, Amazon Technologies seeks statutory damages based on Defendants' infringement of three of the four registered trademarks pled in the Complaint; namely, USPTO Reg. Nos. 6,178,564, 6,239,839, and 5,875,031. *See* Kelly Decl. ¶ 3.

18

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CA 90071-3487
(213) 633-6800 Fax: (213) 633-6899

2015) (awarding $5 million as half of maximum statutory damages where defendant infringed five trademarks); *Coach Servs., Inc. v. YNM, Inc.*, 2011 WL 1752091, at *5-6 (C.D. Cal. May 6, 2011) (awarding $1 million as half of maximum statutory damages where defendants infringed one trademark); *Castworld Prods., Inc.*, 219 F.R.D. at 502 (awarding then-maximum $2 million in statutory damages for two trademarks).

Here, Defendants' willful infringement justifies a substantial award. When awarding damages in cases of willful infringement, courts consider the need to: (1) "compensate" the plaintiffs for the damage the defendant's actions caused; (2) "deter" the defendants from violating the trademarks; and (3) "punish" the defendants for willfully violating the trademarks. *See Liu*, 489 F. Supp. 2d at 1124. As stated above, Defendants engaged in a global scheme in which they (1) sold counterfeit DVDs bearing the Amazon Trademarks, and (2) advertised their counterfeit DVDs on the Piracy Websites using the Amazon Trademarks. *See* Compl. ¶¶ 60-70. Defendants deceived customers, infringed Amazon's valuable intellectual property, and tarnished Amazon's reputation by falsely associating their low-quality DVDs with Amazon. *See id*. ¶¶ 44-45. The harm to Amazon is demonstrated by customer complaints. *See id*. ¶¶ 46-48. For instance, a customer left a one-star review of a DVD on DVD Shelf's website, stating that despite the company's "claim[] to only sell genuine products," the customer found that the DVDs were "of EXTREMELY poor quality," because of missing episodes, sync problems, editing issues, and faulty discs. *See id*. ¶ 46. Another customer, who claimed to be located in California, also complained about DVD Shelf's products:

> This company is selling pirated versions of DVDs. I purchased two sets, which were faulty. I contacted the actual production company as I was told that they would have to replace the discs. The company had me send them the dvds and they confirmed that they were pirated.

*See id*. ¶ 47. Given Defendants' use of Amazon's artwork and branding on the counterfeit Amazon DVDs, it is likely that a portion of purchasers were unaware

19

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR
DEFAULT JUDGMENT AND PERMANENT INJUNCTION

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CA 90071-3487
(213) 633-6800 Fax: (213) 633-6899

that the DVDs were unauthorized, and thus wrongly attributed the DVDs' defects and poor quality to Amazon. This damaged Amazon's reputation and goodwill. *See id.* ¶ 72; Kelly Decl. ¶¶ 6-8. Defendants' counterfeit DVDs also deprived Amazon of legitimate sales. *See id.*

**F.      The Court Should Enter a Permanent Injunction.**

**1.      Amazon Meets the *eBay* Factors for a Permanent Injunction.**

A plaintiff seeking a permanent injunction must demonstrate: (1) that it has suffered irreparable injury, (2) that there is no adequate remedy at law, (3) that the balance of hardships between the plaintiff and defendant warrants equitable relief, and (4) that it is in the public's interest to issue the injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391-93 (2006). Each of these elements is satisfied here.

**a.      Amazon Has Suffered Irreparable Harm.**

Amazon has established that Defendants' unlawful conduct has caused irreparable harm to Amazon's control over their copyrighted works and trademarks, which interferes with their relationships and goodwill with customers, and undermines their business. *See* Compl. ¶¶ 70-76. Specifically, Defendants' actions have damaged, and will continue to damage, Amazon's business, market, reputation and goodwill, and may discourage current and potential customers who unknowingly purchased counterfeit DVDs from continuing to purchase Amazon content. *See* Kelly Decl. ¶¶ 6-8; Moore Decl. ¶¶ 7-10.

**b.      Monetary Damages Alone are Inadequate.**

Defendants' failure to appear in or defend this action demonstrates that their "infringing activities will not cease absent judicial intervention." *Warner Bros. Home Ent. Inc. v. Jimenez*, 2013 WL 3397672, at *7 (C.D. Cal. July 8, 2013); *Patagonia, Inc. v. Tradition LLC*, 2019 WL 1059687, at *6 (C.D. Cal. Mar. 4, 2019) ("[B]y virtue of defendant's failure to respond to this suit, there is no reason to conclude that defendant will not infringe plaintiff's [intellectual property] in the

20

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR
DEFAULT JUDGMENT AND PERMANENT INJUNCTION

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CA 90071-3487
(213) 633-6800 Fax: (213) 633-6899

future."). Further, without injunctive relief, Amazon will be forced to repeatedly file suit any time Defendants are found to be infringing its intellectual property. *See Cont'l Airlines, Inc. v. Intra Brokers, Inc.*, 24 F.3d 1099, 1104-05 (9th Cir. 1994) ("the multiplicity of suits necessarily to be engendered if redress was sought at law, all establish the inadequacy of a legal remedy and the necessity for the intervention of equity") (internal quotation marks and citation omitted).

For these reasons, injunctive relief is necessary to enjoin Defendants' scheme. *See also Coach*, 2011 WL 1752091, at *4 (in intellectual property cases, permanent injunction appropriate unless it is "absolutely clear" that "defendant's infringing activities have ceased and will not begin again") (internal quotation marks and citation omitted).

### c.    The Balance of Equities Favors a Permanent Injunction.

"Defendants face no hardship in being enjoined from conducting illegal activities[.]" *Rolex Watch*, 2015 WL 9690322, at *8. Meanwhile, without an injunction, Amazon will suffer irreparable harm, lose control over its intellectual property, and have no other recourse. *See* above at II.D.2-6. Thus, the equities weigh heavily in favor of an injunction. *See, e.g.*, *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1084 (C.D. Cal. 2012) ("[W]ithout an injunction, Plaintiff will lose profits and goodwill, while an injunction will only proscribe Defendants' infringing activities.").

### d.    The Public Interest Is Served By a Permanent Injunction.

Finally, the public has a strong interest in not being confused or deceived by Defendants' infringing conduct. *See Internet Specialties W., Inc. v. Milon-DiGiorgio Enters., Inc.*, 559 F.3d 985, 993 n.5 (9th Cir. 2009); *CytoSport, Inc. v. Vital Pharms., Inc.*, 617 F. Supp. 2d 1051, 1081 (E.D. Cal. 2009) ("When a trademark is said to have been infringed, what is actually infringed is the right of the public to be free of confusion and the synonymous right of the trademark owner to control his [] reputation.") (internal quotation marks and citation omitted); *Disney*

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CA 90071-3487
(213) 633-6800 Fax: (213) 633-6899

*Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856, 867 (9th Cir. 2017) ("[T]he public has a compelling interest in protecting copyright owners' marketable rights to their works and the economic incentive to continue creating television programing and motion pictures.") (internal quotation marks and citation omitted).

### 2.    The Court Should Issue the Relief in the Proposed Order.

Amazon's proposed injunction has two components: (1) enjoining Defendants from infringing Amazon's intellectual property and from aiding and abetting others in such infringement (Proposed Order ¶ 7); and (2) ordering service providers who are in active participation with Defendants who receive actual notice of the order to transfer the domains associated with the Piracy Websites, cease providing services to the Piracy Websites, and freeze Defendants' funds (Proposed Order ¶¶ 8-9).

Consistent with Federal Rule of Civil Procedure 65(d)(2), the permanent injunction may cover the named Defendants and "their officers, agents, servants, employees, and attorneys, and [*all others*] *in active concert or participation with* [*them*]" who receive "*actual notice*" of the order (emphasis added). Courts properly include language in orders indicating that injunctive relief applies to individuals acting in concert with the named defendants, as Amazon requests here. *See, e.g.*, *Monster Energy Co. v. Vital Pharms., Inc.*, 2023 WL 2918724, at *15-16 (C.D. Cal. Apr. 12, 2023) (granting permanent injunction in trademark infringement case in accordance with Rule 65(d)(2)); *Safeworks, LLC v. Teupen Am., LLC*, 717 F. Supp. 2d 1181, 1193 (W.D. Wash. June 1, 2010) (same).

To prevent further infringement of its IP, Amazon requests an order requiring that the respective registries and registrars for the domains associated with the Piracy Websites transfer such domains to Amazon or cause them to be relisted with a registrar selected by Amazon. Proposed Order ¶ 8. Courts routinely order the transfer of domains associated with infringing activities, particularly where, as here, the infringement is ongoing. *See Warner Bros. Ent., Inc. v. Vega*, 2012 WL

22
MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR
DEFAULT JUDGMENT AND PERMANENT INJUNCTION

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CA 90071-3487
(213) 633-6800 Fax: (213) 633-6899

13008442, at *5 (C.D. Cal. Mar. 21, 2012) (directing transfer of domains to plaintiff "[i]n order to give practical effect to the Permanent Injunction" enjoining copyright infringement); *Gucci Am., Inc. v. Wang Huoqing*, 2011 WL 31191, at *14 (N.D. Cal. Jan. 3, 2011) (ordering transfer of 28 domains through which defendants sold counterfeit goods), *report & recommendation adopted by* 2011 WL 30972 (N.D. Cal. Jan. 5, 2011); *see also Simple Design Ltd. v. Enerjoy Ltd*., 710 F. Supp. 3d 817, 828 (C.D. Cal. 2024) (permanent injunction directed platforms to remove defendants' infringing app). In addition, as detailed above, Amazon's investigation uncovered evidence showing that *all* of the DVDs sold through these websites are likely counterfeit, as Amazon's test purchases confirmed that every single sample DVD purchased, which included both Amazon IP and other studios' IP, was counterfeit. *See* above at II.D.1.

Amazon similarly seeks an order directing the Piracy Websites' hosting providers who receive notice of the order to suspend services to the Websites and prevent the Websites' content from being transferred to another domain name or hosting service. Proposed Order ¶ 8. This is consistent with relief courts have issued in similar cases involving infringing websites. *See, e.g.*, *Sas v. Sawabeh Info. Servs. Co.*, 2012 WL 12886442, *13 (C.D. Cal. Apr. 6, 2012) (enjoining service providers from "operating or hosting" infringing websites); *Fornix Holdings LLC v. Unknown Party*, 2023 WL 6295014, *3 (D. Ariz. Sept. 27, 2023) (ordering hosting provider to suspend services to infringing website and to place administrative lock on website to prevent transfer of content); *Amazon Content Servs.[,] LLC v. Kiss Libr.*, 2020 WL 12863507, *3 (W.D. Wash. Aug. 27, 2020) (enjoining "third parties providing services" to infringing websites); *Otter Prods., LLC v. Anke Grp. Indus. Ltd.*, 2013 WL 5910882, at *4 (D. Nev. Jan. 8, 2013) (ordering web hosting companies and other service providers who receive notice of injunction to remove counterfeit and infringing products from defendant's website or alternatively disable access to website).

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR
DEFAULT JUDGMENT AND PERMANENT INJUNCTION

Davis Wright Tremaine LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CA 90071-3487
(213) 633-6800 Fax: (213) 633-6899

### III.    CONCLUSION

Amazon respectfully requests the Court enter a default judgment against Defendants jointly and severally for $6,075,000, and enter the requested injunctive relief as set forth in the Proposed Order.

DATED: March 19, 2025

DAVIS WRIGHT TREMAINE LLP
SCOTT R. COMMERSON
L. DANIELLE TOALTOAN
ADRIAN F. VALLENS

By: */s Scott R. Commerson*
Scott R. Commerson
Attorneys for Plaintiffs
AMAZON TECHNOLOGIES, INC. and
AMAZON CONTENT SERVICES, LLC

### CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for defendants Amazon Technologies, Inc. and Amazon Content Services, LLC, certifies that this Memorandum contains 6,737 words, which complies with the word limit of L.R. 11-6.1.

By: */s Scott R. Commerson*
Scott R. Commerson

Attorney for Plaintiffs
AMAZON TECHNOLOGIES, INC. and
AMAZON CONTENT SERVICES, LLC

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR
DEFAULT JUDGMENT AND PERMANENT INJUNCTION

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CA 90071-3487
(213) 633-6800 Fax: (213) 633-6899